UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGIA McEADDY, )<br>      Plaintiff, )<br>)<br>v.                                             )<br>)<br>COMMONWEALTH OF                )<br>MASSACHUSETTS SUFFOLK COUNTY )<br>PROBATE AND FAMILY COURT, et al. )<br>      Defendants. ) | C.A. No. 04-12093-RCL |

PROCEDURAL ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied without prejudice. If plaintiff submits a new, fully-completed application to proceed without prepayment of the filing fee, she shall also demonstrate good cause why this action should not be dismissed for the reasons stated below.

BACKGROUND

On September 24, 2004, plaintiff Georgia McEaddy submitted an application to proceed without prepayment of the filing fee and a complaint against (1) the Suffolk County Probate and Family Court; (2) the Massachusetts Appeals Court; and (3) the Boston Adoption Bureau. See Docket, generally. On October 5, 2004, McEaddy filed an amended complaint accompanied by a cover letter stating, among other things, the earlier filing was unprofessional and incomplete. Id.

McEaddy's amended complaint is styled as both a complaint and a petition for writ of certiorari and consists primarily of a recounting of events surrounding Ms. McEaddy's unsuccessful effort to gain custody of her paternal grandson who was placed with the Boston Adoption Bureau by the child's

mother for adoption without notice to the paternal father or his family.  See Amended Complaint ("Amended Compl."), Docket No. 4.  Plaintiff seeks to have this Court "right the wrong of the Boston Adoption Bureau as well as the Suffolk County Probate and Family Court, the Appeals Court and return her grandson to her custody."  Id. at p. 43.

## DISCUSSION

I.  Plaintiff Must Submit a
    New Fully-Completed Application

A party filing a civil action in this Court must either (1) pay the $150 filing fee for civil actions or (2) seek to be granted in forma pauperis by filing an application to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma pauperis).  For the convenience of litigants, this Court provides a standardized, double-sided form for fee waiver applications entitled "Application to Proceed Without Prepayment of the Filing Fee and Affidavit."

McEaddy failed to completely answer questions two and three on the application to proceed without prepayment of fees.  See Application, Docket No. 1.  Question two on the form asks litigants who are not currently employed to state the date of their last employment, the amount of their take-home salary or wages and pay period and the name and address of their last employer.  See Question No. 2. Question three on the form asks litigants to indicate whether they have received funds from a list of sources and further asks litigants to describe the source of money, the amount received and whether the litigant expects to continue to receive such funds.  See Question No. 3.

Although plaintiff reveals the fact that she is not employed and has received disability or

2

workers compensation payments, she has failed to provide the descriptions requested in Questions two and three. Because the application is incomplete, I cannot make a determination whether plaintiff qualifies for in forma pauperis status and will deny it without prejudice. I will grant plaintiff additional time to submit a new, fully-completed application.

## II. The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. See 28 U.S.C. § 1915. A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)  Here, plaintiff's claims are subject to dismissal.

## III.   The Rooker-Feldman Doctrine

Ms. McEaddy seeks to have this Court act as an appellate court and review the state court proceedings. However, this Court lacks subject matter jurisdiction to consider such claims based on the Rooker-Feldman doctrine. Federal district courts, as courts of original jurisdiction, may not review final determinations of a state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S.

462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts).  The Rooker-Feldman doctrine is premised on an expansive reading of 28 U.S.C. § 1257 and holds that a federal district court ordinarily lacks subject matter jurisdiction to consider an appeal from a state court judgement.  See Rooker, 263 U.S. at 415-16; Feldman, 460 U.S. at 482.  The doctrine applies to both litigated claims and unlitigated claims that are "inextricably intertwined" with litigated claims.  See Feldman, 460 U.S. at 482 n. 16; Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990).

It appears from plaintiff's own description of her grounds for relief that she means to assert claims she has already presented unsuccessfully to the Massachusetts state courts.  This Court may not entertain claims which have already been litigated and may not review the civil judgments of state courts.  See Hill v. Town of Conway,  193 F.3d 33, 39 (1st Cir. 1999).

The fact that plaintiff has pursued appeals within the state court system does not change this result.  Appeal to the United States Supreme Court is the proper procedure if plaintiff disagrees with decisions of the Massachusetts Supreme Judicial Court.  See 28 U.S.C. § 1257.

## CONCLUSION

ACCORDINGLY, plaintiff's application to proceed without prepayment of fees is DENIED without prejudice.  If plaintiff wishes to proceed with this action, she shall, within 35 days of the date of this Order, (1) submit a new, fully completed and signed application to proceed without prepayment of fees and (2) demonstrate good cause, in writing, why this action should not be dismissed without prejudice for the reasons stated above.  If plaintiff fails to submit a new application or demonstrate good cause, this action will be dismissed without

prejudice.

SO ORDERED.

Dated at Boston, Massachusetts, this  4th  day of   November , 2004.

                                       /s/ Reginald C. Lindsay  
                                      REGINALD C. LINDSAY  
                                      UNITED STATES DISTRICT JUDGE