# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**GEORGIA McEADDY** et al.
    Plaintiff

    v.        C.A. No. 04-12093-RCL

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY**
**PROBATE AND FAMILY COURT**, et al.
    Defendants

C.A. No 04-12093-RCL

The Plaintiff, Georgia McEaddy received a PORCEDURAL ORDER from District Court Judge Reginald C. Lindsay, dated the 4th day of November, 2004 denying my application to proceed without prejudice due to the Plaintiff's failure to state whether she was working.

The Plaintiff volunteers and receives a stipend from the Family Nurturing Program and the Family Nurturing Circles. This year, the program did not begin until the middle of November. Prior to that, funding was not sure. The major program is located at 200 Bowdoin Street, Dorchester, MA 02122. The Plaintiff volunteers at 26 Blueledge Drive, Roslindale. Her supervisor is Maxine Hall.

Justice Lindsay suggested the Plaintiff's grounds for relief was solely to gain custody of her grandson. The Plaintiff beseeches the Court to go beyond the civil judgment of the civil court and examine the following facts:

- The state court did not follow its law, both the State Constitution and General Laws, as well as the United States Constitution and Federal Laws. One cannot defeat the truth.

C.A. No 04-12093-RCL

- The judge made erroneous statements pertaining to the Plaintiff
- Although my records of education was ordered into court, they were not a part of his findings showing bias
- The Plaintiff was not allowed to bring in witnesses to refute the lawyer for the adoption agency claim to my combative relations with other social service agencies
- Federal law mandates the Interstate Compact must be involved before an adoptive child leaves the state
- How can a mother surrender her child September 12, 2000 and the child be with a family in another state September 24, 2000
- The report from the Commonwealth of Massachusetts Department of Health and Human Services clearly states the Adoption Agency/Attorney a) Home study was not up-to-date, b) failed to submit a complete home study of the adopted family in addition to other irregularities

C.A. No 04-12093-RCL

The plaintiff is entitled to the Constitutions protection.

The Plaintiff wished to expedite the years of being subjected to a trial; Court sponsored Alternative Dispute Resolution. The Plaintiff is not an attorney, yet knows that what has happened is morally, politically, and constitutionally incorrect. The Plaintiff feels she must do something for doing nothing is just as wrong.

The Plaintiff believes on God's promise, if He be for you, no one can be against you.

The Plaintiff wishes to withdraw her request for a Writ of Certiorari and file a request for a hearing.

Respectfully submitted,

Georgia McEaddy,
Plaintiff
Signed on this 10TH day of December, 2004



**Family Nurturing Center**
of Massachusetts

200 Bowdoin Street
Boston, MA 02122

617 474-1143
617 474-1261 fax

www.familynurturing.org

December 7, 2004

To Whom It May Concern:

Georgia McEaddy has been a volunteer facilitator with the Family Nurturing Center for several years, assisting us both with our Fall Nurturing Parenting Program in Roslindale (November – March), and our Nurturing Circles parent support group (November – June). When funding has allowed, she has received a stipend. The stipend she received at the end of the 15 week parenting program last year was $900. Her weekly stipend for the parenting support group is $25, and she is not paid for weeks when the group does not meet (around holidays, on snow days, etc.).

If you need any further information or verification, please contact me at 617-474-1143 x224. Thank you.

Sincerely,

Valerie May Bean
Business Manager

Working together to build
nurturing communities
where children and families
are cherished.