**Georgia McEaddy, 49 June Street, Roslindale, MA 02131**

**Susan Jennes**
Pro Se Clerk
United States District Court
1 Courthouse Way, Suite 2300
Boston, MA 02210

May 27, 2005

Dear Ms. Jennes,                    *CA 04- 12093 RCL*

I would like the Court to Vacate the Order because I did
submit my income verification.

Enclosed for your review are the confirmations that I would
like to submit to Judge Lindsay affirming my submitting
documentation of income (Social Security income is
enclosed). The first documentation was submitted December
10, 2004. The second was on March 24, 2005 (a copies of the
payment records are enclosed. The Family Nurturing Center
Program ends on or about June 16, 2005).

I affirm the above information, sworn by me, Georgia
McEaddy on the 27TH day of May 2005. *Georgia McEaddy*

Respectfully submitted,

*Georgia McEaddy*

Georgia McEaddy
(617) 325-7513

**Georgia McEaddy, 49 June Street, Roslindale, MA 02131**

**Susan Jennes**
Pro Se Clerk
United States District Court
1 Courthouse Way, Suite 2300
Boston, MA 02210

May 27, 2005

Dear Ms. Jennes,

Enclosed for your review are the confirmations that I would
like to submit to Judge Lindsay affirming my submitting
documentation of income.  The first documentation was
submitted December 10, 2004:  The second was on March 24,
2005:       The third substantiates that I worked for the
City of Boston School Department for fifteen years.

On Saturday, December 15, 2001, I fell which resulted in a
broken leg, ankle and foot. I have a rod in my leg, a
plate in my foot, and screws in my ankle. My receiving a
disability check is *only* because I am unable to work, not
because I do not want to.  I have worked since I was nine
years old.  My son is a Union elevator installer and
repairman; my eldest son installs and repairs heating and
air conditioning systems; my daughter has returned to
college and I care for her four year old daughter.

Thank you
Georgia McEaddy, pro se

Georgia McEaddy, Pro Se
(617) 325-7513

1

## UNITED STATES DISTRICT COURT
### District of Massachusetts

**Georgia McEaddy**

v.

CIVIL ACTION
NO._____

**Commonwealth of Massachusetts**

**Suffolk County Probate and Family Court**

**Suffolk County Appeals Court**
**and the**
**Boston Adoption Bureau**

### COMPLAINT

#### Parties

1. The plaintiff is a resident of Roslindale, in Suffolk County, Massachusetts and a citizen of the United States.

2. The defendants are the Commonwealth of Massachusetts Suffolk County Family and Probate Court; the Appeals Court; the Boston adoption Bureau,

3. The Suffolk County Probate and Family Court is located at 24 New Chardon Street, Boston, MA 02114; the Appeals Court is located at 3 Centre Plaza, seventh floor; Boston Adoption Bureau is located at 14 Beacon Street, sixth floor, Boston, MA 02108

**JURISDICTION:**    Federal Question under 28 U.S.C.

#### PETITION FOR A WRIT OF CERTIORARI

Petitioner Georgia McEaddy respectfully petitions for a writ of certiorari to review the Judgement of the Suffolk County Probate and Family /Appeals Courts in this case. In plain contravention of the requirements of the Constitution of the United States, Federal Law, the Constitution of the Commonwealth of Massachusetts, and state law, the state courts have embarked on an *ad hoc*, standardless, subjective, arbitrary, and lawless exercise of judicial power, which appears designed to thwart the will of the petitioner as well as the considered judgements of the past and present government branches

2

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

2004 DEC 10  A 12: 53

U.S. DISTRICT COURT
DISTRICT OF MASS

**GEORGIA McEADDY** et al.
      **Plaintiff**

      v.             **C.A. No. 04-12093-RCL**

**COMMONWEALTH OF MASSACHUSETTS
SUFFOLK COUNTY
PROBATE AND FAMILY COURT**, et al.
           **Defendants**

C.A. No 04-12093-RCL

The Plaintiff, Georgia McEaddy received a PORCEDURAL
ORDER from District Court Judge Reginald C. Lindsay,
dated the 4th day of November, 2004 denying my application
to proceed without prejudice due to the Plaintiff's
failure to state whether she was working.

The Plaintiff volunteers and receives a stipend from the
Family Nurturing Program and the Family Nurturing
Circles. This year, the program did not begin until the
middle of November. Prior to that, funding was not sure.
The major program is located at 200 Bowdoin Street,
Dorchester, MA 02122. The Plaintiff volunteers at 26
Blueledge Drive, Roslindale. Her supervisor is Maxine
Hall.

Justice Lindsay suggested the Plaintiff's grounds for
relief was solely to gain custody of her grandson. The
Plaintiff beseeches the Court to go beyond the civil
judgment of the civil court and examine the following
facts:

- The state court did not follow its law, both the
  State Constitution and General Laws, as well as the
  United States Constitution and Federal Laws. One
  cannot defeat the truth.

C.A. No 04-12093-RCL

- The judge made erroneous statements pertaining to the Plaintiff

- Although my records of education was ordered into court, they were not a part of his findings showing bias

- The Plaintiff was not allowed to bring in witnesses to refute the lawyer for the adoption agency claim to my combative relations with other social service agencies

- Federal law mandates the Interstate Compact must be involved before an adoptive child leaves the state

- How can a mother surrender her child September 12, 2000 and the child be with a family in another state September 24, 2000

- The report from the Commonwealth of Massachusetts Department of Health and Human Services clearly states the Adoption Agency/Attorney a) Home study was not up-to-date, b) failed to submit a complete home study of the adopted family in addition to other irregularities

C.A. No 04-12093-RCL

The plaintiff is entitled to the Constitutions protection.

The Plaintiff wished to expedite the years of being subjected to a trial; Court sponsored Alternative Dispute Resolution.  The Plaintiff is not an attorney, yet knows that what has happened is morally, politically, and constitutionally incorrect. The Plaintiff feels she must do something for doing nothing is just as wrong.

The Plaintiff believes on God's promise, if He be for you, no one can be against you.

The Plaintiff wishes to withdraw her request for a Writ of Certiorari and file a request for a hearing.

Respectfully submitted,


Georgia McEaddy,
Plaintiff
Signed on this 10TH day of December, 2004



**Family Nurturing Center**
of Massachusetts

FILED
IN CLERKS OFFICE

2004 DEC 10  A 12: 23

December 7, 2004

U.S. DISTRICT COURT
DISTRICT OF MASS

To Whom It May Concern:

Georgia McEaddy has been a volunteer facilitator with the Family Nurturing
Center for several years, assisting us both with our Fall Nurturing Parenting
Program in Roslindale (November – March), and our Nurturing Circles parent
support group (November – June). When funding has allowed, she has
received a stipend. The stipend she received at the end of the 15 week
parenting program last year was $900. Her weekly stipend for the parenting
support group is $25, and she is not paid for weeks when the group does not
meet (around holidays, on snow days, etc.).

If you need any further information or verification, please contact me at 617-
474-1143 x224. Thank you.

Sincerely,

Valerie may Bean

Valerie May Bean
Business Manager

200 Bowdoin Street
Boston, MA 02122

617 474-1143
617 474-1261 fax

www.familynurturing.org

Working together to build
nurturing communities
where children and families
are cherished.









*** REC 2005131  125200 H43909E0 CLE6  CIPQYAE  PQAE  (F-CLE )  ***

SOCIAL SECURITY ADMINISTRATION

2005 MAY 12  PM 12: 21

Date: May 11, 2005
Claim Number: 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DI

GEORGIA GRIFFITH
49 JUNE ST
ROSLINDALE MA 02131-4828

You asked us for information from your record. The information that you
requested is shown below. If you want anyone else to have this information, you
may send them this letter.

Information About Supplemental Security Income Payments

Beginning January 2005, the current
Supplemental Security Income payment is...............$ 693.39

This payment amount may change from month to month if income or
living situation changes.

Supplemental Security Income Payments are paid the month they are due. (For
example, Supplemental Security Income Payments for March are paid in March.)

If You Have Any Questions

If you have any questions, you may call us at 1-800-772-1213, or call your
local Social Security office at 617-327-0491. We can answer most questions
over the phone. You can also write or visit any Social Security office. The
office that serves your area is located at:

SOCIAL SECURITY
4200 WASHINGTON ST
ROSLINDALE, MA 02131

If you do call or visit an office, please have this letter with you. It will
help us answer your questions.

OFFICE MANAGER

53973

900.00

*FAMILY NURTURING CENTER OF MASSACHUSETTS, INC.*

Georgia Griffith

3/15/2005

Ros NP toddler group

BankBoston          Ros NP toddler group

53973

900.00

900.00

*FAMILY NURTURING CENTER OF MASSACHUSETTS, INC.*

Georgia Griffith

3/15/2005

Ros NP toddler group

PAYMENT RECORD

FAMILY NURTURING CENTER
OF MASSACHUSETTS, INC.
200 BOWDOIN ST.
DORCHESTER, MA 02122
617-474-1143

BANK OF AMERICA
BOSTON, MA 02134
5-13/110

54133

5/23/2005

Pay to the
Order of    Georgia Griffith

$  **25.00

Twenty-Five and 00/100**************************************************************************************Dollars

Georgia Griffith
49 June Street
Roslindale, MA 02131

memo    Ros NC facilitat on 5/19

Martha H Vuure

⑉⑉054133⑉ ⑉011000138⑉ 8045⑉8500⑉

FAMILY NURTURING CENTER OF MASSACHUSETTS, INC.

54133

Georgia Griffith                                                           5/23/2005

NC facilitation 5/19                                                        25.00

BankBoston        Ros NC facilitation 5/19                                             25.00

FAMILY NURTURING CENTER OF MASSACHUSETTS, INC.

54133

Georgia Griffith                                              5/23/2005

NC facilitation 5/19                                         25.00

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

02-P-1668

ADOPTION OF GASTON.✓

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

This is an appeal from a decree entered on March 11, 2002, wherein (a) the biological father was found currently unfit to parent his son and the severance of the legal parental relationship was determined to be in the child's best interests; (b) the paternal grandmother was determined not to be a suitable guardian and her guardianship petition was dismissed; and (c) it was determined that adoption of the child by his current caretakers was in his best interest. After reviewing the parties' briefs and other submissions, including the record of proceedings below, we are satisfied that, for substantially the reasons stated and upon the authorities cited in the brief of the Boston Adoption Bureau at 10-31, neither error nor abuse of discretion warranting any relief has been made to appear.

Decree affirmed.

By the Court (Lenk, Kantrowitz & Trainor, JJ.),

Ashley Ahern

Clerk

Entered:  September 26, 2003

✓A pseudonym.

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-847

ADOPTION OF GASTON.ᵛ

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 1:28</u>

This is an appeal by the biological father from the denial
by a single justice of this court of father's second motion to
stay appellate proceedings.  For substantially the reasons stated
and upon the authorities cited by the Boston Adoption Bureau at
7-15 of its brief and by the child at 1-2 of his brief, we
discern neither error nor abuse of discretion in the denial of
the father's motion for a stay of appellate proceedings.

<u>Order affirmed</u>.

By the Court (Lenk, Kantrowitz
& Trainor, JJ.),

*Ashley Ahearn*

Clerk

Entered:  September 26, 2003.

---

ᵛ A pseudonym.

# Commonwealth of Massachusetts

## Appeals Court for the Commonwealth

### At Boston,

In the case no. 02-P-1668

ADOPTION OF GASTON.

Pending in the Probate & Family

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

Decree affirmed.

By the Court,

_____ ,Clerk

Date    September 26, 2003.

NOTE.

The original of the within rescript
will issue in due course, pursuant
to M.R.A P.23

APPEALS COURT