UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGIA McEADDY,                    )
                    Plaintiff,      )
                                    )
        v.                          )        C.A. No. 04-12093-RCL
                                    )
COMMONWEALTH OF                     )
MASSACHUSETTS SUFFOLK COUNTY        )
PROBATE AND FAMILY COURT, et al.    )
                    Defendants.     )

MEMORANDUM AND ORDER

For the reasons stated below, (1) the court construes plaintiff's May 27th letters as

requests for reconsideration; and (2) denies plaintiff's requests for reconsideration.

BACKGROUND

Plaintiff Georgia McEaddy commenced this action in September 2004 by filing an

application to proceed without prepayment of the filing fee and a complaint against the Suffolk

County Probate and Family Court; the Massachusetts Appeals Court; and the Boston Adoption

Bureau.

On November 4, 2004, I denied without prejudice plaintiff's fee-waiver application

explaining if plaintiff submits a new, fully-completed application to proceed without prepayment

of the filing fee, she shall also demonstrate good cause why this action should not be dismissed.

The November 4, 2004 Order stated that (1) the complaint failed to state a claim because this

Court may not entertain claims which have already been litigated and (2) based upon the

Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to act as an appellate court

and review the state court proceedings.

On December 10, 2004, plaintiff filed a new application accompanied by several

supporting documents.  However, she failed to provide any information concerning the amount

and source of her disability or workers compensation payments as requested in Question three of the application. Because the Court was unable to make a determination whether plaintiff qualifies for <u>in</u> <u>forma</u> <u>pauperis</u> status, her application was denied on May 23, 2005. At that time, the case was dismissed for failure to pay the filing fee.

Now before the Court are plaintiff's two letters asking the Court to "Vacate" the May 23rd Order explaining that she receives Supplemental Security Income benefits due to a leg injury. Plaintiff states that she filed with the Court her financial documents in December 2004 and March 2005.

<u>DISCUSSION</u>

The Court will construe plaintiff's letters as requests for reconsideration of the denial of her second application to proceed without prepayment of fees. Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to grant a party relief from a prior final judgment for certain enumerated reasons.[1] Rule 60(b) is a vehicle for "extraordinary relief," and motions invoking this rule are granted only under "exceptional circumstances." <u>Lepore v. Vidockler</u>, 792 F.2d 272, 274 (1st Cir. 1986); <u>cf.</u> <u>Geo. P. Reintjes Co. v. Riley Stoker Corp.</u>, 71 F.3d 44, 49 (1st

---

[1]Fed. R. Civ. P. 60(b) provides that:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Cir. 1995) (Rule 60(b) does not license a party to re-litigate, whether via motion or independent

action, any issues that were made or open to litigation in the former action where he had a fair

opportunity to make his claim or defense) (citations omitted).

Although plaintiff states that she submitted documentation on March 24, 2005, the

Court's records indicate that her last filings were made in December 2004.  Even assuming

plaintiff did, in fact, submit additional documentation in March 2005, such a filing does not

negate the fact that plaintiff failed to completely answer question 3 on her second application.

Moreover, even if the filing fee were to be waived for this action, the Court notes that this action

is subject to dismissal for lack of subject matter jurisdiction pursuant to the Rooker-Feldman

doctrine.

<u>ORDER</u>

Based upon the foregoing, plaintiff's requests for reconsideration of the denial of her

second application to proceed without prepayment of fees are DENIED.

SO ORDERED.

Dated at Boston, Massachusetts this   3rd   day of June  , 2005.


 /s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE