# UNITED STATES DISTRICT COURT

### District of Massachusetts

Georgia McEaddy et al.
    Plaintiff
    V.                                     C.A. No. 04-12093-RCL
Commonwealth of Massachusetts
Suffolk County Probate and Family Court
Suffolk County Appeals Court
Department of Social Services
    and the
Boston Adoption Bureau
        Defendants

1

C.A. No. 04-12093-RCL

The Plaintiff, Georgia McEaddy (thereafter Paternal Grandmother) is submitting this NOTICE OF APPEAL for the following reasons: Her case was dismissed on a rule of technicality and not on the merits. The Federal District Court can and should intervene on this matter because of the Constitutional violations at the stake of the state courts; therefore, the state courts should not be immune from federal review.

The United States District Judge abused his discretion and made an error of law in dismissing my original action based solely on an alleged defect in my forma pauperis petition authorized by Federal Rules of Civil Procedure, 28 Section 1915. It is an abuse of discretion and error of law to deny my access to the Courts, a fair hearing and all my substantive rights based on alleged technical defect in such a non-substantive pleading of a pro se plaintiff.

The Probate and Family Court procedure violated the constitutional and civil rights of the, father, the father's children and Paternal Grandmother. There were many unanswered questions, which were either not answered

2

C.A. No. 04-12093-RCL

or not allowed to be answered. Therefore, the Paternal Grandmother is requesting a hearing. To deny the request will be a violation of my constitutional rights.

This petition is under 42 U.S. C §1983, Declaration of Rights Among Family Matters.

This petition is *not* about the Paternal Grandmother wanting to seek visitation of her grandson, Lonnel. This petition is about the Paternal Grandmother seeking her Constitutional rights to legal custody of her paternal grandchild. At the time of conception, there was no assistive technology nor was it done by noncoital means. This child was procreated by God; man, her son and a woman.

The Adoption and Safe Family Act of 1997, (ASFA) requires that a child's health and safety be "paramount" in any effort to preserve or reunify the child's family. The state must make every effort to return the child to the family if they are removed.

The exception is if there is a judicial determination that the parent has killed another of their children or committed felony assault against the child or sibling, or if the paternal rights to another child had previously

3

Case 1:04-cv-12093-RCL   Document 14-2   Filed 06/21/2005   Page 4 of 8

C.A. No. 04-12093-RCL

been involuntarily terminated; abandonment, torture, chronic abuse and sexual abuse.

A criminal background check must deny approval to the prospective person if anyone has been convicted of felony child abuse or neglect, spousal abuse, a crime against children, or a violent crime including rape assault, or homicide, physical assault and battery or a drug-related offense, if felony occurred within the past five years.

42 U.S.C. Section 406(a) defines relatives as any relation by blood, marriage or adoption within the fifth degree of kinship to the dependent child. A parent (1ST degree), grandparent (2nd degree) great-grandparent, (3rd degree), uncle or aunt (3rd degree) nephew or niece (3rd degree), great-great grandparent (4th degree) great-uncle or aunt (4th degree) first cousin (4th degree), great-great-great grandparents (5th degree), great-great uncle or aunt (5th degree) or a first cousin once removed (5th degree).

45 CFR 233.90 (c) (1) (v), ACF Memorandum 92-04, wwww.afc.dhhs.gov/programs/cb/laws/im/im9204.htm

42 U.S.C. § 671 (a) (19) Relative preference recognizes the importance of maintaining biological relationships.

4

C.A. No. 04-12093-RCL

Prioritizing biological ties is not a form of race preference [under MEPA]; rather it is an acknowledgement of the significance of these ties. Relatives come under the same scrutiny as non-relatives and must meet the same Federal title IV-E requirements. In all circumstances, the best interest of the child must determine the placement decision.

The Massachusetts Constitution affirms the dignity and equality of all individuals and forbids the creation of second-class citizens. To deny the Parental Grandmother legal custody of her grandson constitutes a categorical restriction of a fundamental right. Such a restriction is impermissible under Article I of the Massachusetts Declaration of Rights. The Constitution protects matters of personal liberty. The core concept of human dignity is protected by the Fourteenth Amendment, which precludes government intrusion into deeply personal realms of this Paternal Grandmother having custody of her grandchild. The exclusion of this Paternal Grandmother is incompatible with the constitutional principles of respect for the individual autonomy and equality under the law. This is a violation of the laws of the

C.A. No. 04-12093-RCL

Commonwealth, including, but not limited to the Paternal Grandmothers rights under articles 1, 6, 7, 10 12, and 16; Part II c. 1 § c.1.; Article 4 of the Massachusetts Constitution.

These address equality of treatment and the due process right to demand respect protected by the substantive guarantee of liberty. This is the inclusive right of the Paternal Grandmother.

Due Process of the law is one of the oldest constitutional principles. Due Process requires the action of the government be conducted according to the rule of law. Every God-given American citizen has the right to life, liberty and property. Government cannot interfere with these rights except according to established procedures.

The judicial determination against the Paternal Grandmother had: (1) lack of income, impecunious, (2) a combative relationship with the Department of Social services and other agencies, which were erroneous. Had the attorney allowed the Paternal Grandmother to put on a

6

C.A. No. 04-12093-RCL

defense, the statements of the Boston Adoption Bureau would have been cited as false.

During the Probate and Family Court trial, the Boston Adoption Bureau had Anna Lee Brown, (Department of Social Services, Hyde Park Office) social worker for the two pre-adoptive children, testify against the Paternal Grandmother. This was Double Jeopardy, a violation of my constitutional rights.

This case is based on race, economic status, and notoriety. The State and Federal Constitutions were written to protect the Paternal Grandmother. For the Federal District Court to deny the Paternal Grandmother custody of her grandson will say (1) the lower courts had the right to deny her of her Constitutional, Civil, and Human Rights; (2) a white family can and will raise a Black child better than she because (3) their money and notoriety are more important than her love.

The Paternal Grandmother will not ask for any federal or state assistance for her grandson and he will be raised to know God, with a superior education, his siblings, family and love.

7

C.A. No. 04-12093-RCL

Respectfully submitted,

*Georgia McEaddy*
Georgia McEaddy, Pro Se

June 21, 2005